■ DOROTHY BONGIORNO, Respondent, v WILLIAM PENN LIFE INSURANCE COMPANY OF NEW YORK, Defendant and Third-Party Plaintiff-Appellant. ALAN S. ROSENBERG, Third-Party Defendant-Respondent. [630 NYS2d 339] —In an action, *inter alia*, to recover the proceeds of a life insurance policy, the defendant third-party plaintiff appeals from (1) a judgment of the Supreme Court, Kings County (Ramirez, J.), dated February 14, 1994, which upon granting the plaintiff's motion for summary judgment, is in favor of the plaintiff and against it in the principal sum of $100,000, (2) a judgment of the same court, entered May 10, 1994, which, upon dismissing the third-party complaint at the close of the third-party plaintiff's case, is in favor of the third-party defendant and against it in the principal sum of $700 as costs, and (3) an order of the same court, dated July 1, 1994, which granted the respective motions of the plaintiff and third-party defendant for attorneys' fees.

Ordered that the judgments are affirmed; and it is further,

Ordered that the order dated July 1, 1994, is reversed, on the law, and the motions are denied; and it is further,

Ordered that the respondents, appearing separately and filing separate briefs, are awarded one bill of costs.

The defendant third-party plaintiff William Penn Life Insurance Company of New York (hereinafter William Penn) issued a $100,000 life insurance policy on the life of Zachary Goldman naming the plaintiff, Goldman's fiancée, as the owner and beneficiary of the policy. Goldman died shortly after the policy was issued and the plaintiff filed a claim for benefits. Claiming that Goldman's application for life insurance contained a material misrepresentation regarding his medical condition, William Penn denied the plaintiff's claim. Thereafter, the plaintiff

commenced this action to recover the proceeds of the insurance policy.

The Supreme Court properly awarded the plaintiff summary judgment on her complaint. The evidence presented to the court established that Goldman's insurance application did not misrepresent his medical condition and that Goldman's physician, third-party defendant Alan S. Rosenberg, furnished William Penn with material and relevant facts necessary to make an informed decision as to whether to issue a policy on Goldman's life. We find, however, that the Supreme Court erred in concluding that William Penn's actions were frivolous and in awarding the plaintiff and the third-party defendant attorneys' fees on that basis (see, CPLR 8303-a; 22 NYCRR 130-1.1).

We have considered William Penn's remaining contentions and find them to be without merit. Rosenblatt, J. P., Altman, Hart and Friedmann, JJ., concur.